**John J. KELLEY**

**v.**

**Raymond J. DUNNE.**

**Civ. A. No. 63–444.**

United States District Court
D. Massachusetts.

June 15, 1964.

F. Lee Bailey, Boston, Mass., for plaintiff.

W. Arthur Garrity, Jr., U. S. Atty., William Looney, Jr., Asst. U. S. Atty., for defendant.

CAFFREY, District Judge.

This is a bill in equity removed from the Suffolk County Superior Court, Commonwealth of Massachusetts, by respondent Raymond J. Dunne, a Postal Inspector engaged in the investigation of an armed robbery of a United States mail truck which occurred on August 14, 1962 in Plymouth Massachusetts. The complaint alleges that on or about October 6, 1962 respondent removed from the home of petitioner John J. Kelley, in his absence, the following items allegedly owned by petitioner: one length of clothesline cord, two cloth money bags, and $235.00 in United States currency. The complaint also alleges that petitioner holds legal title to these items and that respondent upon demand has refused to return them to petitioner.

The suit is based on Mass.Gen.Laws, Ch. 214, sec. 3(1), a statute creating a remedy in the nature of equitable replevin without regard to the adequacy of existing remedies at law.

Defendant filed a motion to dismiss based on lack of jurisdiction over the subject matter and failure of the complaint to state a claim upon which relief can be granted. In support of the motion to dismiss, defendant filed his affidavit stating that he is and for 19 years has been a Postal Inspector of the United States Post Office Department; that he and other federal agents have been assigned to investigate the August 14, 1962 Plymouth mail robbery; that the three items referred to above were given to him voluntarily by Elizabeth Ann Kelley, wife of petitioner; and that the said three items are now being held by the Post Office Department in connection with the investigation of the above-described mail robbery.

Plaintiff filed an affidavit of Mrs. Kelley in opposition to the allowance of the motion, in which Mrs. Kelley states "that she at no time 'gave' anything to the defendant Dunne or any other federal officer; that Dunne took (these articles) from her house in her presence without her consent and against her will. * * "

Treating the motion to dismiss as a motion for summary judgment, it must be allowed on the authority of Malone v. Bowdoin, 369 U.S. 643, 82 S.Ct. 980, 8 L.Ed.2d 168 (1962), there being here in no assertion that the defendant Dunne exceeded his delegated powers as an officer of the United States in taking the property in question or that he was in possession thereof in anything other than his official capacity. (id. 369 U.S. p. 648, 82 S.Ct. p. 983)

In the Malone case, the Supreme Court said, 369 U.S. p. 647, 82 S.Ct. p. 983:

"* * * the action of a federal officer affecting property claimed by a plaintiff can be made the basis of a suit for specific relief against the officer as an individual only if the officer's action is 'not within the officer's statutory powers or, if within those powers, only if the powers, or their exercise in the particular case, are constitutionally void.' * * * Since the plaintiff had not made an affirmative allegation of any relevant statutory limitation upon the Administrator's powers, and had made no claim that the Administrator's action amounted to an unconstitu-

tional taking, the Court ruled that the suit must fail as an effort to enjoin the United States."

This language directs that the instant case must also fail as an effort to enjoin the United States. See, also, Larson v. Domestic & Foreign Corp., 337 U.S. 682, 692, 69 S.Ct. 1457, 93 L.Ed. 1628, where the Supreme Court rejected a contention to the effect that if an officer of the Government wrongly takes or holds specific property to which the plaintiff has title, then his taking or holding is a tort and "illegal" as a matter of general law, whether or not it be within his delegated powers, and it rejected the contention that he consequently may be sued individually to recover the property "illegally" held.

Motion for summary judgment allowed.